UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAD HARPER,

                        Plaintiff,

   -v-

NEW YORK CITY TRANSIT AUTHORITY,
WILLIAM CREEL, JOHN HOBAN, *and*
SHAWN BLAKELY,

                        Defendants.

No. 17-cv-6979 (RJS)

MEMORANDUM OPINION
AND ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      Plaintiff Chad Harper commenced this action in 2017, alleging that Defendants New York City Transit Authority, William Creel, John Hoban, and Shawn Blakely discriminated against him on the basis of his disability in violation of federal, state, and local law. (Doc. No. 2.) Now before the Court is Harper's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (Doc. No. 25.) In essence, Harper seeks to vacate the Court's March 8, 2018 order dismissing the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), on the ground that he was misled and misinformed by his attorney. For the reasons set forth below, Harper's motion to reopen is DENIED.

## I. Background

      Harper filed his complaint in this action on September 14, 2017. (Doc. No. 2.) Defendants filed their answer on January 5, 2018. (Doc. No. 16.) On January 10, 2018, the Court ordered the parties to appear for an initial conference on February 16, 2018 and to submit a joint status letter and proposed case management plan no later than February 8, 2018. (Doc. No. 18.) The parties failed to submit their joint status letter by the February 8, 2018 deadline. On February 9, 2018,

Defendants' counsel filed a letter alerting the Court that Harper's counsel had not responded to their efforts to contact him regarding the missed deadline. (Doc. No. 20.) The Court then issued an order on February 14, 2018 directing Harper to show cause as to why he should not be sanctioned for failing to comply with the January 10, 2018 order. (Doc. No. 21.) Harper failed to respond to the order to show cause, and on March 1, 2018, the Court sanctioned Harper's counsel $500 for failure to comply with the January 10, 2018 and February 14, 2018 orders. (Doc. No. 22.) The Court also made clear that the case would be dismissed for failure to prosecute unless Harper showed good cause for his failure to respond to both orders by March 7, 2018. (*Id.*) Harper did not do so, and on March 8, 2018, his case was dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 23.)

On August 28, 2020 – nearly two and a half years later – Harper submitted a motion to reopen his case (Doc. No. 25), arguing that he is entitled to relief from the March 8, 2018 order under Federal Rule of Civil Procedure 60 based on the misconduct of his initial counsel, David B. Calender (Doc. No. 26 ("Harper Aff.") ¶ 40). Harper alleges that, after discussing his case with Calender in February 2018, he did not hear from Calender for approximately one year. (Harper Aff. ¶¶ 12–13.) Harper states that he attempted to reach Calender by phone, text, and email in early 2019, but that he received no response until the middle of the year, at which point he arranged a meeting with Calender, who then failed to attend. (*Id*. ¶¶ 12–18.) After that, Harper did not hear from Calender again until January 7, 2020, when Calender called to inform Harper that he had "withdrawn" Harper's case. (*Id.* ¶ 21.) According to Harper, Calender agreed to another meeting on January 11, 2020 but once again failed to appear. (*Id.* ¶ 22.) Harper states that he had no knowledge of Calender's inaction in this case (*id.* ¶ 29), and that he "was only able to ascertain the

details of [his] case when [he] went to the court and pulled [his] file, learning that the case had been in fact dismissed" (*id.* ¶ 23).

Harper alleges that Calender's actions in handling his case amount to "fraud and misconduct . . . and/or . . . fraud upon the Court" (*id.* ¶ 40), and therefore provide grounds for relief under Rule 60(b)(3), (b)(6), and (d)(3) (Doc. No. 25-1 ("Wilson Decl.") ¶¶ 5–6). Defendants argue that Harper's motion to reopen should be denied because he is not entitled to relief under any provision of Rule 60, and because his motion was untimely filed. (Doc. No. 29 ("Defs.' Opp.") at 1.)[1]

## II.  Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that courts "may relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of reasons, including: "(3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b)(3) must be brought within one year of the judgment or order from which the moving party seeks relief. Fed. R. Civ. P. 60(c). A motion under Rule 60(b)(6) is not subject to a specific time limit, but still must be brought "within a reasonable time." *Id.* "In considering whether a Rule 60(b)(6) motion is timely, [courts] must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983).

---

[1] The Court is also in receipt of Harper's "Reply Affidavit" in support of his Rule 60 motion, dated December 21, 2020. (Doc. No. 30.) Harper's "Reply Affidavit" largely restates the arguments made in his initial affidavit but incorporates by reference Calender's September 11, 2020 response to Harper's allegations in a separate New York state attorney grievance proceeding. (*Id.* ¶ 2; Doc. No. 30-1.) Although Harper does not attempt to explain the procedural mechanism through which he submits this "Reply Affidavit," nor does he explain his approximately three-month delay in filing it, the Court has nevertheless considered it in resolving the present motion.

Even if a Rule 60(b)(6) motion is brought "within a reasonable time," relief under Rule 60(b)(6) may be granted "only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted). An attorney's negligence ordinarily does not justify relief under the Rule. *See id.* (collecting cases). Instead, "[a]n attorney's misconduct only rises to the level contemplated by Rule 60(b)(6) in cases of 'constructive disappearance' or a similar inability to provide adequate representation." *D'Angelo v. State Farm Fire & Cas. Co.*, 32 Fed. App'x 604, 605 (2d Cir. 2002) (summary order) (collecting cases). Further, "[e]ven where an attorney has inexcusably and completely abandoned his responsibilities to his client, . . . a party must still demonstrate his own diligent efforts to induce the attorney 'to fulfill his duty.'" *Aalmuhammed v. Kesten*, No. 98-cv-171 (DLC), 2003 WL 118512, at *5 (S.D.N.Y. Jan. 14, 2003) (quoting *Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir. 1978) (per curiam)).

Rule 60(d) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). However, "[a] fraud upon the court 'involves far more than an injury to an individual litigant.'" *Harris v. City of New York*, No. 96-cv-7565 (KNF), 2012 WL 5464576, at *6 (S.D.N.Y. Nov. 9, 2012) (quoting *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2d Cir. 1994)). "[F]raud upon the court as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) (internal quotation marks omitted).

Harper is not entitled to relief from the Court's final judgment under any of the provisions of Rule 60 that he asserts. First, Harper cannot rely on Rule 60(b)(3) because this provision applies

4

only to "fraud . . . or misconduct by an *opposing party*," Fed. R. Civ. P. 60(b)(3) (emphasis added), not fraud or misconduct by one's own attorney. Moreover, any reliance on Rule 60(b)(3) is barred by the one-year limitations period for motions brought under Rule 60(b)(1)–(3). *See* Fed. R. Civ. P. 60(c). The Court dismissed Harper's case on March 8, 2018 (Doc. No. 23), and Harper did not bring his motion to reopen until August 28, 2020 (Doc. No. 25).

Second, Harper does not have a viable claim under Rule 60(b)(6). Rule 60(b)(6) "applies only when no other subsection [of Rule 60(b)] is available." *Nemaizer*, 793 F.2d at 63. Here, Harper appears to rely on the same allegations of "fraud and misconduct" for both his Rule 60(b)(3) and 60(b)(6) claims. (Harper Aff. ¶ 40.) Of course, since fraud and misconduct by a party's *attorney* does not fall within Rule 60(b)(3), it might arguably fall within Rule 60(b)(6)'s "catchall" category. According to Harper, Calender's misconduct amounts to "allow[ing] [Harper's] case to lapse," and "avoid[ing] [Harper's] inquiries" as to the status of his case. (*Id.*) These allegations are consistent with Calender's complete unresponsiveness to the Court's orders and to the correspondence and calls of Defendants' counsel. (*See* Doc. Nos. 20–23.) This kind of "constructive disappearance" may very well constitute an "extraordinary circumstance[]" falling within the ambit of Rule 60(b)(6). *See D'Angelo*, 32 Fed. App'x at 605. But the fact that Harper waited a year without contacting his attorney regarding the status of his case demonstrates that he did not exercise the kind of "diligent efforts" required for a court to entertain a Rule 60 motion based on an attorney's negligence. *See Dominguez*, 583 F.2d at 618 ("Unfortunately, appellant is bound by the inexcusable conduct of her counsel, since there is no particularized showing of exceptional circumstances explaining his gross negligence and no indication of diligent efforts by appellant to induce him to fulfill his duty[.]").

Moreover, while Rule 60(b)(6) motions are not subject to a one-year limitations period, the twenty-nine-month delay between this Court's dismissal of Harper's case and the filing of his motion to reopen does not satisfy Rule 60(c)'s "reasonable time" requirement, Fed. R. Civ. P. 60(c). *See, e.g.*, *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (holding that the plaintiff's twenty-six-month delay in filing a Rule 60(b) motion was "patently unreasonable"); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (per curiam) (holding that a Rule 60(b) motion brought eighteen months after the judgment was not brought "within a reasonable time").

Finally, Harper does not offer any evidence that Calender perpetrated "fraud on the court" within the meaning of Rule 60(d). Fed. R. Civ. P. 60(d)(3). Indeed, Harper's allegations of fraud upon the court are conclusory at best, *see* Harper Aff. at ¶ 39 ("[A] fraud has been perpetrated upon this Court by Mr. Calender."); Wilson Decl. at ¶ 27 (same), and Harper submits no evidence to indicate that Calender's actions amounted to "fraud which [did] or attempt[ed] to, defile the court itself," *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (internal quotation marks omitted). Thus, even assuming the truth of Harper's allegations regarding Calender's performance, Harper still has not shown that he is entitled to relief under any provision of Rule 60.[2]

---

[2] While it is possible that Harper may be able to establish a separate legal malpractice claim against Calender, that is beyond the scope of this case. The Court notes, however, that the statute of limitations for bringing such a malpractice claim under New York law is three years from the date on which the malpractice was committed. *See, e.g.*, *Noskov v. Roth*, No. 19-cv-7431 (RA), 2020 WL 4041125, at *4 (S.D.N.Y. July 17, 2020) (citing N.Y. C.P.L.R. § 214(6)).

### III. Conclusion

For the reasons set forth above, Harper's motion to reopen is DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 25.

SO ORDERED.

Dated:      January 20, 2020
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation